IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CONSTRUCTION INDUSTRY LABORERS             )
PENSION FUND, a Trust Fund,                )
                                           )
    and                                     )
                                           )
JASON P. MENDENHALL and KEVIN R. FAHEY,    )
TRUSTEES OF THE CONSTRUCTION INDUSTRY      )
LABORERS PENSION FUND,                      )
                                           )
    and                                     )
                                           )
CONSTRUCTION INDUSTRY LABORERS             )
WELFARE FUND, a Trust Fund,                )
                                           )
    and                                     )
                                           )
JASON P. MENDENHALL and BYRON HORNUNG      )
TRUSTEES OF THE CONSTRUCTION INDUSTRY      )
LABORERS WELFARE FUND,                      )
                                           )
    and                                     )
                                           )
GREATER KANSAS CITY LABORERS               )
VACATION PLAN, a Trust Fund,               )  **No.**
                                           )
    and                                     )
                                           )
REGINALD L. THOMAS and DONALD E. GREENWELL, III )
TRUSTEES OF THE GREATER KANSAS CITY        )
LABORERS VACATION PLAN,                      )
                                           )
    and                                     )
                                           )
CONSTRUCTION INDUSTRY LABORERS             )
TRAINING FUND, a Trust Fund,               )
                                           )
    and                                     )
                                           )
GABRIEL T. JONES and KEVIN R. FAHEY,       )
TRUSTEES OF THE CONSTRUCTION               )
INDUSTRY LABORERS TRAINING FUND,            )
                                           )
                                           )

{00416749;CIL19-223;ADS }

and　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
CONSTRUCTION INDUSTRY LABORERS　)
SUPPLEMENTAL MEDICAL AND RETIREE )
TARGETED FUND, a Trust Fund,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
JASON P. MENDENHALL and MATHEW J. BOWEN, )
TRUSTEES OF THE CONSTRUCTION INDUSTRY )
LABORERS SUPPLEMENTAL MEDICAL AND RETIREE )
TARGETED FUND　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiffs,　　)
　　　　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
**CBS Piling Solutions, Inc.**　　　　　　　)
**[SERVE:　　Todd Creason**　　　　　　)
**　　　　　Registered Agent**　　　　　)
**　　　　　25904 CR 290**　　　　　　　)
**　　　　　Carrollton, MO　64633]**　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.　　)

### C O M P L A I N T

### COUNT I

Come now Plaintiffs, Construction Industry Laborers Pension Fund, a Trust Fund, and Jason

P. Mendenhall and Kevin R. Fahey, duly appointed and acting Trustees of the Construction Industry

Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund

and all the Trustees of the Construction Industry Laborers Pension Fund, and, for their cause of

action under Count I against Defendant, state:

　　　　　1.　　　　This action arises under and jurisdiction is founded on Section 502 and Section 515

of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C.

§1132 and 29 U.S.C. §1145.

{00416749;CIL19-223;ADS }

2

2.      Plaintiffs, Jason P. Mendenhall and Kevin R. Fahey, are duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Construction Industry Laborers Pension Fund; Plaintiff, Construction Industry Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1003.

3.      Said Plaintiff Fund was established on October 1, 1964, pursuant to the collective bargaining agreement entered into between the Heavy Constructors Association of the Greater Kansas City Area (hereinafter referred to as "Association") and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4.      The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5.      Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6.      Defendant is a Missouri Corporation who conducts business in the State of Missouri and particularly in the Western District of Missouri; that Defendant at all times material herein employed Laborers performing work covered by the collective bargaining agreements herein mentioned.

{00416749;CIL19-223;ADS }

3

7.      In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

8.      At all times material herein, Defendant stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Association and the Union; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

9.      At all times material herein, laborer employees of the Defendant were employed under the terms of the collective bargaining agreements mentioned above under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements; and to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10.      An audit of Defendant's books and records for the period **January 1, 2018 through March 31, 2019,** shows that Defendant owes Plaintiffs EIGHTEEN THOUSAND, TWO HUNDRED SEVENTY-THREE AND 60/100 (**$18,273.60**) DOLLARS in unpaid fringe benefit contributions, FOUR THOUSAND, THREE HUNDRED NINETY-SIX AND 74/100 (**$4,396.74**) DOLLARS as and for liquidated damages and FIVE HUNDRED TWENTY-FIVE AND 82/100 (**$525.82**) DOLLARS as and for interest.

11.      Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiff Fund from **April 1, 2019,** to date, and Plaintiff Fund is unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of the Defendant covering the period **April 1, 2019**, to date.

{00416749;CIL19-223;ADS }

4

12.     The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due to said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

13.     The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

14.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

15.     Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

16.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.    An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **April 1, 2019,** to date; and

B.    For judgment against Defendant in the amount of EIGHTEEN THOUSAND, TWO HUNDRED SEVENTY-THREE AND 60/100 **($18,273.60) D**OLLARS in unpaid fringe benefit contributions, FOUR THOUSAND, THREE HUNDRED NINETY-SIX AND **74/100 ($4,396.74) D**OLLARS as and for liquidated damages and FIVE HUNDRED TWENTY-FIVE AND **82/100 ($525.82) D**OLLARS as and for interest due and owing for the period **January 1, 2018 through March 31, 2019**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements for contributions times the hourly amounts due under said agreements for the period **April 1, 2019,** to date; and

C.    For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D.    For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E.    For judgment against Defendant for costs incurred in this action; and

F.    For such other relief as the Court may deem appropriate.

### COUNT II

Come now Plaintiffs, Construction Industry Laborers Welfare Fund, a Trust Fund, and Jason P. Mendenhall and Byron Hornung, duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1.    Plaintiffs, Jason P. Mendenhall and Byron Hornung, are duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers

{00416749;CIL19-223;ADS }

6

Welfare Fund; Plaintiff Construction Industry Laborers Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established on April 1, 1972, pursuant to the collective bargaining agreement between the Associated General Contractors of Missouri (hereinafter referred to as "Association") and the Eastern Missouri Laborers Council and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) of Count I of the within Complaint.

4.      An audit of Defendant's books and records for the period **January 1, 2018 through March 31, 2019,** shows that Defendant owes Plaintiffs TWENTY-THREE THOUSAND, SIX HUNDRED EIGHTY-EIGHT AND 00/100 (**$23,688.00**) DOLLARS in unpaid fringe benefit contributions, FIVE THOUSAND, SIX HUNDRED NINETY-NINE AND 46/100 (**$5,699.46**) DOLLARS as and for liquidated damages and SIX HUNDRED EIGHTY-ONE AND 61/100 (**$681.61**) DOLLARS as and for interest.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **April 1, 2019,** to date; and

B.      For judgment against Defendant in the amount TWENTY-THREE THOUSAND, SIX HUNDRED EIGHTY-EIGHT AND 00/100 (**$23,688.00**) DOLLARS in unpaid fringe benefit contributions, FIVE THOUSAND, SIX HUNDRED NINETY-NINE AND 46/100 (**$5,699.46**) DOLLARS as and for liquidated damages and SIX HUNDRED EIGHTY-ONE AND 61/100 (**$681.61**) DOLLARS for interest due and owing

{00416749;CIL19-223;ADS }

7

for the period **January 1, 2018 through March 31, 2019**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements for contributions times the hourly amounts due under said agreements for the period **April 1, 2019,** to date; and

C.     For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D.     For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E.     For judgment against Defendant for costs incurred in this action; and

F.     For such other relief as the Court may deem appropriate.

### COUNT III

Come now Plaintiffs, Greater Kansas City Laborers Vacation Plan, a Trust Fund, and Reginald L. Thomas and Donald E. Greenwell, III, duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan, and, for their cause of action under Count III against Defendant, state:

1.     Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan; Plaintiff Greater Kansas City Laborers Vacation Plan (hereinafter referred to as "Plaintiff Plan") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Plan is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.     Said Plaintiff Plan was established on November 21, 1973, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264, No. 555, and 1290 of the Greater Kansas City

Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Plan was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) of Count I of the within Complaint.

4. An audit of Defendant's books and records for the period **January 1, 2018 through March 31, 2019,** shows that Defendant owes Plaintiffs FIVE THOUSAND, SEVENTY-SIX AND 00/100 **($5,076.00)** DOLLARS in unpaid fringe benefit contributions.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **April 1, 2019,** to date; and

B. For judgment against Defendant in the amount of FIVE THOUSAND, SEVENTY-SIX AND **00/100 ($5,076.00)** DOLLARS for unpaid fringe benefit contributions due and owing for the period **January 1, 2018 through March 31, 2019**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements for contributions times the hourly amounts due under said agreements for the period **April 1, 2019,** to date; and

C. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E. For judgment against Defendant for costs incurred in this action; and

F. For such other relief as the Court may deem appropriate.

## **COUNT IV**

{00416749;CIL19-223;ADS }

9

Come now Plaintiffs, Construction Industry Laborers Training Fund, a Trust Fund, and Gabriel T. Jones and Kevin R. Fahey, duly appointed and acting Trustees of the Construction Industry Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Construction Industry Laborers Training Fund, and, for their cause of action under Count IV against Defendant, state:

1. Plaintiffs, Gabriel T. Jones and Kevin R. Fahey, are duly appointed and acting Trustees of the Construction Industry Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Construction Industry Laborers Training Fund; Plaintiff Construction Industry Laborers Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Fund was established on November 26, 1969, pursuant to the collective bargaining agreement between the Heavy Constructors Association of the Greater Kansas City Area (hereinafter referred to as "Association") and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) of Count I of the within Complaint.

4. An audit of Defendant's books and records for the period **January 1, 2018 through March 31, 2019,** shows that Defendant owes TWO THOUSAND, FOUR HUNDRED SEVENTY AND 32/100 **($2,470.32) DOLLARS** in unpaid fringe benefit contributions, FIVE HUNDRED NINETY-FOUR AND 37/100 **($594.37) DOLLARS** as and for liquidated damages and SEVENTY-ONE AND 08/100 **($71.08) DOLLARS** as and for interest.

{00416749;CIL19-223;ADS }

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.        An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **April 1, 2019,** to date; and

B.        For judgment against Defendant in the amount of TWO THOUSAND, FOUR HUNDRED SEVENTY AND 32/100 **($2,470.32) D**OLLARS in unpaid fringe benefit contributions, FIVE HUNDRED NINETY-FOUR AND 37/100 **($594.37) D**OLLARS as and for liquidated damages and SEVENTY-ONE AND 08/100 **($71.08) D**OLLARS as and for interest due and owing for the period **January 1, 2018 through March 31, 2019**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements for contributions times the hourly amounts due under said agreements for the period **April 1, 2019,** to date; and

C.        For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D.        For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E.        For judgment against Defendant for costs incurred in this action; and

F.        For such other relief as the Court may deem appropriate.

### **COUNT V**

Come now Plaintiffs, Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund ("SMART" Fund), a Trust Fund, and Jason P. Mendenhall and Mathew J. Bowen, duly appointed and acting Trustees of the Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund who are authorized to maintain this action on behalf of the SMART Fund and all the Trustees of the SMART Fund, and, for their cause of action under Count V against Defendant, state:

{00416749;CIL19-223;ADS }

1.      Plaintiffs, Jason P. Mendenhall and Mathew J. Bowen, are duly appointed and acting Trustees of the Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund who are authorized to maintain this action on behalf of the SMART Fund and all the Trustees of the SMART Fund; Plaintiff Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established on April 1, 2014, pursuant to the collective bargaining agreement between The Heavy Constructors' Association of the Greater Kansas City Area and the Western Missouri and Kansas Laborers' District Council of the Laborers International Union of North America, AFL-CIO.

3.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) of Count I of the within Complaint.

4.      An audit of Defendant's books and records for the period **January 1, 2018 through March 31, 2019,** shows that Defendant owes Plaintiffs THREE THOUSAND, THREE HUNDRED EIGHTY-FOUR AND 00/100 ($3,384.00) DOLLARS in unpaid fringe benefit contributions, EIGHT HUNDRED FOURTEEN AND 21/100 ($814.21) DOLLARS as and for liquidated damages and NINETY-SEVEN AND 37/100 ($97.37) DOLLARS as and for interest.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **April 1, 2019,** to date; and

B.      For judgment against Defendant in the amount of THREE THOUSAND, THREE HUNDRED EIGHTY-FOUR AND 00/100 ($3,384.00) DOLLARS in unpaid fringe benefit contributions, EIGHT HUNDRED FOURTEEN AND 21/100 ($814.21) DOLLARS as and for liquidated damages and NINETY-SEVEN AND

**37/100 ($97.37) D**OLLARS as and for interest due and owing for the period **January 1, 2018 through March 31, 2019**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements for contributions times the hourly amounts due under said agreements for the period **April 1, 2019,** to date; and

        C.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

        D.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

        E.      For judgment against Defendant for costs incurred in this action; and

        F.      For such other relief as the Court may deem appropriate.

Respectfully Submitted,

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

Bradley J. Sollars, MO Bar No. 54931

Aaron D. Schuster, MO Bar No. 68672
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:    816-421-5788
Facsimile:    816-471-5574
*Attorneys for Plaintiffs*

{00416749;CIL19-223;ADS }

13